IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUSTIN SPRUILL, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| UNITED STATES COLD STORAGE, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Justin Spruill ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendant United States Cold Storage, Inc. ("Defendant"), and shows the Court as follows:

### NATURE OF COMPLAINT

Plaintiff brings this action under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et. seq., ("ADA").

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331.

2.

The unlawful employment practices alleged in this Complaint were committed within this district. Venue is appropriate in this Court.

## PARTIES

3.

Plaintiff Justin Spruill is a male citizen of the United States of America and a resident of Georgia and is subject to the jurisdiction of this Court.

4.

Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent's address: Cogency Global Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia, 30076.

## ADMINISTRATIVE PROCEDURES

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC), on or about June 25, 2020.

7.

The EEOC issued a "Notice of Right to Sue" on or about June 29, 2020 entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

### ADA VIOLATIONS

9.

Mr. Spruill began his employment with Defendant on December 10, 2019 as a Forklift Operator.

10.

Defendant is now, and at all times relevant hereto, an "employer" within the meaning of the ADA.

11.

At all such times, Plaintiff was also an "employee" of Defendant as defined under the ADA.

12.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

13.

On or about May 14, 2020 Plaintiff had a migraine. He told Defendant that he was unable to see or focus when he had migraines. Plaintiff was sent home and told to complete an ADA accommodation request health care provider questionnaire. The Plaintiff was also told to not return to work until his doctor completed the ADA accommodation questionnaire.

14.

Defendant had knowledge of Plaintiff's disability at all times relevant to his claim.

15.

At all times relevant, Plaintiff has suffered from a disability, within the meaning of the ADA. Additionally, Defendant "regarded" Plaintiff as disabled.

16.

Plaintiff requested accommodation required that upon the onset of a migraine, Defendant would allow Plaintiff time for his medication to start working and for his

migraines to subside before he returned to work. Plaintiff's accommodation paperwork was completed on May 20, 2020.

17.

Plaintiff returned to work on or about May 20, 2020 and he was sent home by the Defendant who claimed that Plaintiff's accommodation paperwork was not properly completed by the healthcare provider.

18.

Plaintiff's doctor selected intermittent leave for May 20, 2020 through to December 31, 2020 and the Defendant unreasonably stated that the doctor needed to include specific dates when the Plaintiff needed accommodation. The doctor was not able to include specific dates because it was impossible to know when the Plaintiff would have another migraine.

19.

Plaintiff returned the paperwork to his doctor, who was being guided by a caseworker assigned by Defendant, Matthew Haynard from Cigna.

20.

On or about June 12, 2020 the Defendant informed Plaintiff that he was being terminated and his ADA accommodation request was denied due to Plaintiff's

inability to follow the instructions given to correctly complete the ADA accommodation questionnaire.

21.

Defendant terminated Plaintiff's employment because of his disability, perceived disability, need for an accommodation, and/or because Plaintiff engaged in protected activity by seeking a reasonable accommodation for his disability.

## CLAIMS FOR RELIEF
## COUNTS I:
## DISABILITY DISCRIMINATION IN VIOLATION OF ADA

22.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

23.

At all times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

24.

Plaintiff suffers from migraines which substantially limits major life activities and his ability to properly function and concentrate during migraine episodes.

25.

Defendant received notice of Plaintiff's disability.

26.

Defendant regarded Plaintiff as having a disability such that he is a person with a disability within the meaning of the ADA, as amended.

27.

Plaintiff was able to perform the essential functions of his job.

28.

Defendant terminated Plaintiff's employment, in whole or in part, because of his disability, perceived disability, or record of having a disability.

29.

By terminating Plaintiff's employment because of his disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

30.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

31.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his disability.

32.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

33.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

34.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, substantial emotional distress, inconvenience, humiliation, and other indignities.

35.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

## COUNT II:
## FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

36.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

37.

Plaintiff suffers from a physical impairment which substantially limits major life activities and bodily functions.

38.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

39.

Plaintiff was able to perform the essential function of his job.

40.

Plaintiff requested that Defendant allowed him time to take his medication so that his migraines would subside before returning to work.

41.

Defendant refused to provide Plaintiff with the reasonable accommodations, even though to do so would not impose an undue hardship.

42.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of his disability or perceived disability, and/or need for an accommodation, thus violating Plaintiff's rights under the ADA entitling him to all appropriate relied thereunder.

43.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

44.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

45.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, substantial emotional distress, inconvenience, humiliation, and other indignities.

46.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

## COUNT III:
## RETALIATION IN VIOLATION OF THE ADA

47.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

48.

Plaintiff suffers from a physical impairment which substantially limits major life activities and bodily functions.

49.

At all times relevant to this action, Plaintiff was a qualified individual as defined in the ADA.

50.

Defendant received notice of Plaintiff's disability.

51.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

52.

At times relevant to this action, Defendant and individuals involved in the decision to terminate the Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

53.

Plaintiff was able to perform the essential functions of his job.

54.

Plaintiff engaged in protected activity when he requested that Defendant accommodate his disability by allowing him to take leave from work.

55.

Defendant's proffered reason for terminating Plaintiff's employment is a pretext designed to hide Defendant's retaliatory motive.

56.

In terminating Plaintiff after he sought a reasonable accommodation of time to recover from his migration, Defendant retaliated against Plaintiff in violation of the ADA.

57.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

58.

As a result of Defendant's retaliatory actions against Plaintiff, he has suffered lost compensation and benefits, substantial emotional distress, inconvenience, humiliation, and other indignities.

59.

Pursuant to the ADA, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief under the ADA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 24th day of September 2020.

BARRETT & FARAHANY

s/Nikeisha Bradley
Nikeisha Bradley
Georgia Bar No.: 468749
*Attorney for Plaintiff*

1100 Peachtree St., N.E., Suite 500
Atlanta, GA 30309
404-214-0120
Nikki@justiceatwork.com

14